UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MICHAEL P. TATRO,<br>　　Plaintiff,<br><br>　　v.<br><br>DISCOVER FINANCIAL SERVICES,<br>LLC *et al.*,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 20-042-MSM-LDA<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM AND ORDER

MARY S. MCELROY, United States District Judge.

Michael P. Tatro, proceeding pro se, sued multiple defendants[1], alleging they mishandled his financial information. (ECF No. 1-1). Defendants AFNI, Inc. ("AFNI") and Tate & Kirlan Associates, Inc. ("Tate") moved to dismiss all claims against them. (ECF Nos. 12, 20). For the reasons stated below, the Court GRANTS their motions to dismiss.

I.　BACKGROUND

In his complaint, Mr. Tatro alleges violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") and requests declaratory relief under the Rhode Island Uniform Declaratory Judgment Act, as well as monetary damages. (ECF No. 1-1 at 27-35).

---

[1] Mr. Tatro sued Discover Financial Services, LLC; Macy's Retail Holdings, Inc.; FDS Bank, FSB; Target Corporation; Target Enterprises, Inc.; TD Bank USA, N.A.; Barclays Bank Delaware; Apple, Inc.; Tate & Kirlan Associates, Inc.; AFNI, Inc.; and Debtsy, Inc.

1

AFNI and Tate moved to dismiss the claims alleged against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim for relief.  (ECF Nos. 12, 20).

### A.  FACTS ALLEGED IN THE COMPLAINT AGAINST TATE AND AFNI

In his complaint, Mr. Tatro alleges that Tate and AFNI separately requested his credit report from Trans Union in February 2018, making the request using Mr. Tatro's name, date of birth, and social security number.  (ECF No. 1-1 at 19, 21).  In making this request, according to Mr. Tatro, neither Tate nor AFNI certified or listed a permissible purpose for the request.  Instead, it is Mr. Tatro's belief that Tate and AFNI submitted their request to Trans Union based on a "blanket certification" provided when Tate and AFNI each subscribed to Trans Union.  Mr. Tatro claims to have never applied for credit from Tate or AFNI, nor was he a customer or account holder of Tate or AFNI.  He also claims that he never authorized Tate or AFNI to obtain his credit report.

In June 2018, Mr. Tatro discovered these credit inquiries.  Thereafter, he sent three letters to Tate and multiple emails to AFNI, demanding to know the nature and purpose of their credit inquiry.  Mr. Tatro claims he never received a response from either Tate or AFNI.

It is Mr. Tatro's belief that Tate and AFNI impermissibly obtained his credit report to decide whether to purchase, as an investment, an account belonging to him that was allegedly delinquent.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims presented in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that [he] is likely to prevail, but [his] claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *García-Catalán*, 734 F.3d at 103. (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

## III. DISCUSSION

### A. <u>FAILURE TO STATE A CLAIM UNDER THE FCRA</u>

Tate and AFNI argue that Mr. Tatro failed to state a claim for relief under the FCRA. "To get beyond the pleading stage of a FCRA claim, '[a plaintiff] first must set forth facts sufficient to plausibly allege that: (1) Defendant obtained the credit reports for an impermissible purpose; and (2) that Defendant's conduct was either willful or negligent.'" *Tatro v. Equifax Info. Servs., LLC*, No. CV 18-341-JJM-PAS,

2018 WL 6523090, at *2 (D.R.I. Dec. 12, 2018) (quoting *Lecaj v. Green Tree Servicing, LLC*, 130 F. Supp. 3d 469, 470 (D. Mass. 2015)).

Mr. Tatro alleges that Tate and AFNI violated the FCRA by obtaining a credit report without a permissible purpose and under false pretenses. He claims that they negligently and willfully induced Trans Union to prepare and publish a confidential credit report by certifying that they had a permissible purpose. Tate and AFNI dispute the contention that they did not have a permissible purpose by noting that the FCRA does not prevents third parties from searching a person's credit report, even when no previous relationship exists. (ECF No. 12 at 5; ECF No. 20 at 5) (citing *Perez v. Portfolio Recovery Assocs., LLC*, No. 12–1603 (JAG), 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012)). Tate and AFNI also argue that Mr. Tatro has not alleged sufficient facts to show that they acted willfully or negligently, the second element of his FCRA claim. (ECF No. 12 at 6; ECF No. 20 at 6).

The Court agrees that Mr. Tatro's FCRA claims against AFNI and Tate fail under Fed. R. Civ. P. 12(b)(6). Mr. Tatro has not alleged sufficient facts to establish that these Defendants obtained his credit report for an impermissible purpose. The FCRA does not prevent third parties from searching a person's credit report, even without a previous relationship, to investigate an investment. *See Tatro*, 2018 WL 6523090, at *3 (finding it permissible under the FCRA for an entity to obtain a credit report about a consumer even if it does not ultimately enter into a transaction with the consumer and it is not the original creditor).

4

B. <u>FAILURE TO STATE A CLAIM UNDER THE FDCPA</u>

To establish an FDCPA claim, a plaintiff must allege "'(1) that [he] was the object of collection activity arising from consumer debt, (2) defendants are debt collectors as defined by the FDCPA, and (3) defendants engaged in an act or omission prohibited by the FDCPA.'" *O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 30 (D. Mass. 2014) (quoting *Som v. Daniels Law Offices, P.C.*, 573 F. Supp. 2d 349, 356 (D. Mass. 2008)).

AFNI and Tate argue that Mr. Tatro has failed to plausibly allege facts sufficient to maintain his FDCPA claims. (ECF No. 12 at 7-9; ECF No. 20 at 7-9). They assert that Mr. Tatro has not established the first element of his FDCPA claim because he has failed to sufficiently plead a "debt" or "consumer credit transaction." (ECF No. 12 at 7; ECF No. 20 at 7-8). The Court agrees. Alleging facts sufficient to establish a "debt" is a "threshold" issue in every FDCPA action because the FDCPA only applies to obligations of "a consumer arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004) (citing 15 U.S.C. § 1692a(5)). Mr. Tatro's FDCPA claims against AFNI and Tate fails because his blanket statutory recitation that a debt was incurred for "personal, family, or household goods" is insufficient to establish this first element of his FDCPA claim.[2]

---

[2] Because Mr. Tatro's Rhode Island claims are the state counterpart of the FDPCA, they also fail as a matter of law. *See Laccinole v. Assad*, No. CV 14-404 S,

5

## IV. CONCLUSION

For the reasons stated, the Defendants' Motion to Dismiss (ECF Nos. 12, 20) are GRANTED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

November 10, 2020

---

2016 WL 868511, at *7 (D.R.I. Mar. 7, 2016) (dismissing debtor's Rhode Island FDCPA claims for the same reasons the FDCPA claims were dismissed).